IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

PHL Variable Insurance Company,

      Plaintiff,

v.

Lucille E. Morello Irrevocable
Trust, by and through its Trustee,
BNC National Bank,

      Defendant.

Civil File No. 08-CV-572 MJD/AJB

**DEFENDANT'S ANSWER TO
PLAINTIFF PHL VARIABLE
INSURANCE COMPANY'S COMPLAINT**

Comes now Defendant, Lucille E. Morello Irrevocable Trust, by and through its Trustee, BNC National Bank, and for its answer to Plaintiff's Complaint, states and alleges as follows:

1.      Defendant generally denies each and every allegation contained in Plaintiff's Complaint except as hereinafter specifically stated or otherwise admitted and therefore, Defendant puts Plaintiff to its strict burden of proof with respect to each and every allegation contained in Plaintiff's Complaint.

2.      With respect to Paragraph 1 of Plaintiff's Complaint, Defendant can neither admit nor deny the allegations contained therein and put Plaintiff to its burden of proof.

3.      With respect to Paragraph 2 of Plaintiff's Complaint, Defendant is unable to admit or deny the allegations that the Morello Trust is a trust governed by the laws of Minnesota and may be served through its trustee, BNC National Bank, and therefore denies the same for the purpose of putting Plaintiff to its strictest proof.  Defendant further admits that the site of the Morello trust is in the state of Minnesota.

253396-1

4.    With respect to Paragraph 3, Defendant admits that this suit presents a case of actual controversy and upon information and belief admits that it is within the diversity jurisdiction of this Court based upon the allegation of Plaintiff's Complaint.

5.    With respect to Paragraph 4, Defendant is without sufficient information to either admit or deny the allegations contained therein.

6.    With respect to Paragraph 5, Defendant Morello Trust admits that it is subject to the jurisdiction of this Court and that the Morello Trustee is a national bank with its principle office in Arizona.

7.    Defendant admits that the Court has diversity jurisdiction and the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs and this Court has jurisdiction by virtue of 28 U.S.C. §1332.

8.    Defendant admits that the Court has jurisdiction for the declaratory judgment action pursuant to Federal Rules of Civil Procedure 57 and 28 U.S.C. §2201 and 2202. Defendant is unable to admit or deny that venue is proper in the state of Minnesota, and therefore denies the same.

9.    With respect to paragraph 9 of Plaintiff's Complaint, Defendant is without sufficient information to either admit or deny the allegations contained therein.

10.    With respect to paragraph 10 of Plaintiff's Complaint, Defendant states that it is without sufficient information or knowledge to form a belief with respect to allegations contained therein and puts Plaintiff to its strict burden of proof.

253396-1

11.     With respect to paragraph 11, Defendant states that it is without sufficient information or knowledge to form a belief with respect to the allegations contained therein and puts Plaintiff to its strict burden of proof concerning the allegations contained therein.

12.     With respect to paragraph 12 of Plaintiff's complaint, Defendant denies the allegations contained therein and puts Plaintiff to its strict burden of proof concerning the allegations contained therein.

13.     With respect to paragraph 13 of Plaintiff's complaint, Defendant denies the allegations contained therein and puts Plaintiff to its strict burden of proof with respect to each and every allegation contained therein.  Subject to the foregoing denial, Defendant admits that a claim has been made against the policy by the Morello Trust asserting that Ms. Morello passed away on October 20, 2007, in Phoenix, Arizona.

14.     With respect to paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations contained therein and in particular, the routine nature of the investigation.

15.     With a respect to the allegations contained in Paragraph 15, Defendant is without sufficient information or knowledge to form a belief with respect to the allegations contained therein and therefore denies the same and puts Plaintiff to its strict burden of proof with respect to the allegations contained therein.

16.     With respect to Paragraph 16 of Plaintiff's Complaint, Defendant specifically denies the allegations contained therein related to fraudulent, willful, false or intentionally misleading acts of Decedent and put Plaintiff to its strict burden of proof concerning the allegations therein.

253396-1

17.    Defendant further denies the materiality to Phoenix of any such representations and denies Plaintiff would not have issued the policy.

18.    With respect to paragraph 17, Defendant requests that the Court deny Plaintiff's action seeking rescission of the policy and deny any action declaring the policy void abinitio. Instead, Defendant prays that the Court uphold the policy terms as written, agreed upon, accepted, and issued by Phoenix.

19.    With respect to paragraph 18 of Plaintiff's Complaint, Defendant requests the Court deny Plaintiff's request as stated therein and instead, that the Court issue a declaratory judgment enforcing the policy as written, agreed upon, accepted and issued by Plaintiff. Defendant further seeks its fees pursuant to the declaratory judgment statute, 28 U.S.C. §2201.

Furthermore, Defendant denies the allegations of fraudulent, willful, false or intentional misleading representations of any material respects and requests the Court deny Phoenix demand for judgment as set forth herein.

## AFFIRMATIVE DEFENSES

For its affirmative defenses Defendant states and alleges as follows:

1.    Denies that any material misrepresentation was made.

2.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.    Alleges that the agent who procured the policy of insurance is Defendant's agent.

4.    Defendant asserts that Plaintiff's claims are barred by the doctrine of equitable estoppel, unclean hands, and promissory estoppel.

5.    Alleges that Plaintiff had the resources to gather information relative to the application of insurance, did in fact gather and research said information, and had an obligation

4

253396-1

to do so; and alleges that Plaintiff, upon information and belief, paid its agent the agent's commission in ratification of the contract of insurance at issue.

6.      Plaintiff's claim is barred by the doctrine of accord and satisfaction insofar as Plaintiff has received premium payments and accepted premium payments after evaluating the risks pursuant to Plaintiff's own policies and procedures of underwriting.

7.      Plaintiff has waived any and all of its claims herein.

8.      Alleges that Defendant Trustee is entitled to declaration and injunctive relieve, pursuant to the following, and as set forth in Fed.R.Civ.P. 57, and 28 U.S.C. §2201 and §2202.

## COUNTERCLAIMS

Defendant reincorporates by reference its contentions in its Answer as though fully set forth and further states and alleges as its counterclaim against Plaintiff the following:

1.      Plaintiff issued a policy of life insurance to decedent Lucille E. Morello with the face amount of $10 million.

2.      Plaintiff followed its underwriting practices in evaluating the life risk, namely, the health of decedent and accepted the life risk in exchange for the receipt of premiums paid on behalf of decedent.

3.      Plaintiff accepted two years of premium payments knowing that decedent was an elderly person and after having evaluated Defendant's health and condition.  Plaintiff accepted premium payments on behalf of and/or from decedent Lucille Morello recognizing that it is in the life insurance business and the premiums were financed by and paid by a third-party for the benefit of the Morello Trust.  In exchange, Plaintiff issued a life insurance policy applicable to the life of Lucille E. Morello.

5

253396-1

4.     That Lucille E. Morello died on October 20, 2007.

5.     That Plaintiff has been provided with the appropriate death certificate and other evidence of the death of Lucille E. Morello.

6.     That Plaintiff owes Defendant, pursuant to its policy of life insurance issued on the life of Lucille E. Morello, $10 million, together with interest, attorneys' fees and costs incurred in pursuing this matter.

7.     Alleges that Plaintiff has breached the contract of insurance by refusing to pay the benefits, causing damage to Defendant in the amount of the policy.

8.     That pursuant to the federal declaratory judgment statute, 28 U.S.C. §2201 and §2202, and Fed.R.Civ.P. 57, Defendant seeks a declaratory judgment that the policy issued by Plaintiff is valid and fully enforceable and that has a result of said declaration, Plaintiff be required to deposit with the Clerk of Court all proceeds of the policy, including the $10 million policy limits along with required interest, if any, and attorneys' fees and costs pursuant to the declaratory judgment statute.

9.     Alleges that Plaintiff has breached the implied covenant of good faith and fair dealing with respect to all contracts, as governed by the law of Minnesota, causing damages to Defendant as referred to above.

10.     Alleges that Defendant meets the requirements of Minn. Stat. §8.31 to serve as "private attorney general."

11     Alleges that Plaintiff has violated the Uniform Deceptive Trade Practices Act, as enacted in Minn. Stat. §325 D.44, et al., causing damage to Defendant as above-referenced.

253396-1

12.    Alleges that Plaintiff has violated the Consumer Fraud Act, as enacted in 325 F. 69, et al. and that Defendant is entitled to damages as above-referenced and further relief thereunder.

WHEREFORE, Defendant prays that Plaintiff take nothing by its pretended cause of action herein and that Defendant be awarded its appropriate fees and costs incurred in defending this matter and

That Plaintiff's policy be declared a valid and enforceable contract of life insurance and that Plaintiff be ordered to pay the $10 million face value of the life insurance policy along with appropriate attorneys' fees, costs, pre-judgment and post-judgment interest and any other such relief as the Court deems proper and appropriate under the circumstances.

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: May 5, 2008

Richard G. Hunegs, MN ID 48124
Cortney S. LeNeave, MN ID 018424X
E. Curtis Roeder, MN ID 195418
Attorneys for Plaintiff
900 Second Avenue South, Suite 1650
Minneapolis, Minnesota 55402
(612) 339-4511

7

253396-1