**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| **PHL VARIABLE INSURANCE COMPANY,** | Civil File No. 08-CV-572 MJD/AJB |
| Plaintiff, | |
| v. | **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS CERTAIN OF DEFENDANT'S COUNTERCLAIMS** |
| **LUCILLE E. MORELLO IRREVOCABLE TRUST, by and through its trustee, BNC NATIONAL BANK,** | |
| Defendant. | |

---

Comes now Plaintiff, PHL Variable Insurance Company ("PHL"), and submits this Memorandum of Law in Support of its Partial Motion to Dismiss Certain of Defendant's Counterclaims and in support of its Motion would show the Court as follows:

## I.
## BACKGROUND AND SUMMARY OF ARGUMENT

PHL instituted this action against the Lucille E. Morello Irrevocable Trust to rescind a life insurance policy issued by PHL and owned by the Trust on the grounds that material misrepresentations were made on the policy application. Among other things, the policy's applicant and putative owner represented that Ms. Morello had a net worth in excess of $30 million and income of $800,000, prompting PHL to issue a large policy of life insurance insuring Ms. Morello's life. Following Ms. Morello's death, PHL has been unable to substantiate the veracity and accuracy of the financial data provided to PHL on the application and during the underwriting process. Indeed, it has been represented to Phoenix that despite having an alleged net worth in excess of $33 million, no estate will

even be opened for Ms. Morello. Given the inability to verify that which should be fairly easy to substantiate ($33 million net worth consisting primarily of stocks and real estate interests), PHL seeks the rescission of the life insurance policy owned by the Defendants.

The Trust has filed counterclaims against PHL asserting numerous causes of action including breach of contract, breach of the covenant of good faith and fair dealing and statutory causes of action pursuant to Minnesota's "Private Attorney General" statute, Minn. St. § 8.31, the Uniform Deceptive Trade Practices Act, Minn. St. § 325D.44, et al. ("DTPA"), and the Consumer Fraud Act, Minn. St. § 325 F.69, et al. ("CFA"). PHL seeks dismissal of the statutory causes of action. The Consumer Fraud Act contains no private right of action, but in limited circumstances, the Private Attorney General statute permits a private cause of action under the CFA if the relief sought would benefit the public. Where, as here, a CFA action seeks only damages that would benefit the claimant, no private cause of action exists. As such, the Trust's claims under the Private Attorney General statute and the Consumer Fraud Act must be dismissed.

The DTPA permits a private cause of action only for injunctive relief consistent with the "principles of equity." The trust, however, is only seeking an order compelling PHL to pay the proceeds of a life insurance policy, *i.e.,* money damages. Under the "principles of equity" invoked by the DTPA, an injunction may only issue when the claimant faces irreparable harm in the absence of the injunction. Because the Trust in this case can be made whole by the payment of money damages, it does not face irreparable harm, and injunctive relief is not available. Accordingly, the Trust's claim

under the DTPA should also be dismissed for failure to state a claim upon which relief may be granted.

## II.
## ARGUMENT

A.  The Trust's Consumer Fraud Act Claim Must be Dismissed Because it does not Seek to Benefit the Public

Minnesota's Consumer Fraud Act, Minn. St. 325 F. 69, *et al.*, prohibits certain activities in the sale of merchandise.  Subdivision 1 of the statute reads as follows:

> **Fraud, Misrepresentation, Deceptive Practices**.  The act, use, or employment by any person of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice with the intent that others rely thereon in connection with the sale of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided in § 325F.70.

In its counterclaim, the trust does not specify what behavior of PHL is violative of the act, but presumably their claim arises under subdivision 1 because none of the other provisions seem to be applicable *(e.g.,* prohibitions on chain referral selling, bogus out of business sales, deceptive use of a financial institution name, invoicing a customer for merchandise not yet ordered or services not yet performed).

The CFA itself does not provide for a private cause of action.  In limited circumstances, however, a private plaintiff may bring a lawsuit under the CFA pursuant to Minnesota's Attorney General statute, Minn. St. § 8.31.  Subdivision 3(a) of that statute provides:

> **Private Remedies**.  In addition to the remedies otherwise provided by law, any person injured by a violation of any of the laws referred to in Subdivision 1 may bring a civil action and recover damages, together with costs and disbursements, including costs of investigation and reasonable

> attorney's fees, and receive other equitable relief as determined by the court. The court may, as appropriate, enter a consent judgment or decree without the finding of illegality. In any action brought by the attorney general pursuant to this section, the court may award any of the remedies allowable under this subdivision.

The "laws referred to in Subdivision 1" include a specific reference to the Consumer Fraud Act.[1] Although the statute's language appears rather broad in permitting claimants to bring private lawsuits under the CFA, the Minnesota Supreme Court has severely limited the circumstances under which such a claim may be asserted. In *Ly v. Nystrom*, 615 N.W. 2d 302 (Minn. 2000), the court held that since the statute authorizes a private citizen to act as a private attorney general, "the role and duties of the attorney general with respect to enforcing the fraudulent business practices laws must define the limits of the private claimant under the statute." *Id*. at 313. Accordingly, the court held that the private attorney general statute "applies only to those claimants who demonstrate that their cause of action benefits the public." *Id*. at 314.

The court did not provide any guidance on what kinds of cases or what situations would qualify as suits being brought for the public's benefit. In the absence of any guidance, courts in subsequent cases have looked to the nature of the relief sought to determine whether the suit "benefits the public." Courts have held that "where recovery is sought for the exclusive benefit of the plaintiff there is no public benefit." *Wehner v. Linvatech Corp.*, N.O. 06-CV-1709 JMR/FLM, 2008 W.L. 495525, *3 (D. Minn. February 20, 2008), quoting *Zutz v. Case Corp.*, No. Civ. 02-1776 (PAM-RLE), 2003

---

[1] The DTPA is not listed.

W.L. 22848943, *4 (D. Minn. November 21, 2003); *see also*, *Tuttle v. Lorillard Tobacco*, No. Civ. 99-1550 (PAM/JGL), 2003, W.L. 1571584, *7 (D. Minn. March 3, 2003).

In its counterclaim, the trust only seeks to recover the damages it claims to have suffered by virtue of PHL's refusal to pay the death benefit on the contested policy, and it seeks to recover its costs and attorney's fees. The trust seeks only relief that will benefit itself. Its claim under the private attorney general statute must fail, because it is not a claim that seeks to benefit the public pursuant to Minnesota law.

B. <u>The DTPA Claim Must be Dismissed Because the Only Relief Available Under the Act, Injunctive Relief, is not Available to the Trust</u>

Like the CFA, Minnesota's DTPA prohibits certain business practices. The trust has not specified what conduct by PHL allegedly violated the DTPA. The DTPA does provide for a private cause of action, but it only permits injunctive relief. Minn. 325 D.45 Subd. 1. The remedies provision of the DTPA provides that:

> A person likely to be damaged by deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits, or intent to deceive is not required. . .
>
> ….
>
> The relief provided in this section is in addition to remedies unavailable against the same conduct under the common law or other statutes of the state.

Minn. St. § 325 D.45.Subd. 1 & Subd. 3. A party prevailing in an action seeking injunctive relief may also recover costs and attorney's fees. Minn. St. § 325 D.45 Subd. 2. The DTPA does not permit a cause of action for damages. *Laysar, Inc. v. State Farm*

*Mutual Automobile Ins. Co.*, No. Civ. 04-4584 JRTFLN, 2005 W.L. 2063929, *3 (D. Minn. August 25, 2005).

The trust alleges that it has suffered monetary damages as a result of PHL's supposed violation of the DTPA. Paragraph 11 of the counterclaim states that PHL "has violated the Uniform Deceptive Trade Practices Act … causing damage to the defendant as above-referenced." The trust asks in its prayer that PHL "be ordered to pay the $10,000,000 face value of the life insurance policy." Characterizing this "prayer" is unnecessary, as the trust is not entitled to injunctive relief as a matter of law.

The DTPA emphasizes that injunctions should only be granted "under the principles of equity," and courts have seized on this language to reject claims for injunction under the DTPA when the claimant had an adequate remedy at law for damages. In *Watkins Inc. v. Lewis*, 346 F.3d 841 (8th Cir. 2003), the Eighth Circuit recognized that the Minnesota DTPA permitted an action for injunctive relief even when other remedies, including damages, were available, but nevertheless refused to permit the plaintiffs to proceed with an action for an injunction because the plaintiffs had an adequate remedy at law. The court said, "We are not persuaded that the existence of the Minnesota Deceptive Trade Practices Act compels the granting of a preliminary injunction in this private contract dispute if it would not otherwise be required." *Id.* at 847.

Similarly in *Wehner v. Linvatech Corp.*, No. 06-CV-1709 JMR/FLN, 2008 W.L. 495525 (D. Minn. February 20, 2008), the court refused to permit the plaintiff to pursue an injunction under the DTPA because the plaintiff could not meet one of the

requirements for receiving that equitable relief.  The plaintiff in that case could not demonstrate that it had suffered irreparable harm.  *Id.* at *3.  One of the requirements for maintaining an action for injunction is demonstrating that, in the absence of the injunction, the claimant will suffer irreparable harm.  *Id.*; *Cherne Indus. v. Grounds & Assocs., Inc.*, 278 N.W. 2d 81, 92 (Minn. 1979).  To be irreparable, an injury must be of such a nature that money alone is insufficient to remedy the harm.  *Allen v. State of Minnesota*, 867 F. Supp. 853, 858-59 (D. Minn. 1994); *Pacific Equipment and Irrigation, Inc. v. Toro Co.*, 519 N.W. 2d 911, 915 (Minn. App. 1994).

If the Trust has suffered harm, it can be made whole by the payment of money damages.  In fact, the "injunction" the Trust is seeking is the payment of the liquidated amount of the life insurance policy's face value.  Consequently, the "principles of equity" invoked by the DTPA remedy provision do not permit the trust to seek an injunction.

### III.
### CONCLUSION

The CFA claim seeks relief that benefits only the trust, not the public, and therefore is not cognizable under the Attorney General statute, the only statute permitting the private cause of action pursuant to the CFA.  The DTPA permits only injunctive relief, which is not available to the Trust because it cannot show that it will suffer irreparable harm if the injunction does not issue.  Under the circumstances of this case, where the "injunctive relief" requested is merely the payment of contract damages, the principles of equity will not permit an injunction to issue.  For the reasons stated above,

Defendant's Counterclaims asserting causes of action under Minn. St. §8.31, Minn. St. §325D.44, *et al.,* and Minn. St. §325F.69 *et al.* should be dismissed.

          DORSEY & WHITNEY LLP

          By:    s/Bryan C. Keane
                Stephen P. Lucke (Atty No. 154210)
                Bryan Keane (Atty No. 0328716)
                50 South Sixth Street, Suite 1500
                Minneapolis, Minnesota 55402
                Telephone 612-340-2600
                lucke.steve@dorsey.com
                keane.bryan@dorsey.com

                ATTORNEYS FOR PLAINTIFF
                PHL VARIABLE INSURANCE
                COMPANY

OF COUNSEL:

BRACEWELL & GIULIANI LLP

David T. McDowell
Texas Bar No. 00791222
Thomas F.A. Hetherington
Texas Bar No. 24007359
Jarrett E. Ganer
Texas Bar No. 24055520
South Tower Pennzoil Place
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 (Telephone)
(713) 221-1212 (Facsimile)